**CITY OF MISSION, Pat Townsend, Gary Ortiz, and Hector Garza, Appellants,**

v.

**David RAMIREZ, Florentino Gutierrez, Irma Flores, and Elizabeth Garcia, Appellees.**

No. 13–93–067–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 4, 1993.

Ricardo Morado, Roerig, Oliveria & Fisher, Brownsville, for appellants.

Hector J. Villarreal, Edinburg, Oscar L. Cantu, Jr., San Antonio, for appellees.

Before FEDERICO G. HINOJOSA, Jr., DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an attempted interlocutory appeal from an order denying appellants' motion for summary judgment. We dismiss the appeal for want of jurisdiction.

Appellees, David Ramirez, Florentino Gutierrez, Irma Flores, and Elizabeth Garcia, sued appellants, City of Mission, Mayor Pat Townsend, Interim City Manager Gary Ortiz, and Hector Garza, for wrongful termination and demotion, slander, and conspiracy. Appellees sought actual and exemplary damages and an injunction, enjoining Ortiz, Townsend, the City, and their agents, servants, and employees from restructuring the City's Public Works Department.

Appellants moved for summary judgment based on sovereign immunity, no cause of action, and that the alleged slanderous remarks were privileged, and if not privileged, they were the truth or declarations of opinion. By their two points of error, appellants complain that the trial court erred in denying their motion for summary judgment.

The evidence shows that appellees are former employees of the City's Public Works Department. Ramirez served as Public Works Director, Gutierrez served as Street Supervisor, Flores served as Executive Secretary, and Garcia served as Administrative Secretary.

On April 20, 1989, Ramirez was suspended with pay from his director's job. His suspension was based upon "certain allegations" that the City was investigating. During the course of the investigation, Ortiz advised Gutierrez, Garcia, and Flores that they would be subject to disciplinary action if they spoke to or associated with Ramirez. Gutierrez, Garcia, and Flores ignored the warning and continued to speak and associate with Ramirez. During the investigation and subsequent hearing, Gutierrez, and Garcia provided information that tended to disprove "some" of the allegations that had been made against Ramirez. The hearing officer recommended that Ramirez be issued a letter of reprimand and be sent to supervisory school. Pursuant to the hearing officer's findings, Ramirez was reinstated as Public Works Director.

Though the matter had ended, Ortiz informed Ramirez that Townsend wanted to review the hearing officer's recommendations at the City's Executive Board meeting on June 9, 1989. At the meeting, Townsend stated, in the presence of the City attorney, that he was not satisfied with the investigation's outcome.

On June 14, 1989, Ortiz, without authorization from the City commission, restructured the Public Works Department. The restructuring of the department led to the demotions and transfers of appellees. Appellees claimed that the demotions and transfers occurred after and as a result of the investigation and hearing.

Appellees alleged that Townsend, Ortiz, and Garza acted in their individual capacities and as agents for the City when they conspired to "malign and assassinate" appellees' character and reputation, personal and professional. Appellees also alleged that 1) the demotions and transfers hurt their reputations and caused them irreparable mental anguish and 2) Hector Garza had engaged in slander and misrepresentation before and during the incident leading to the investigation. They also alleged that Garza's purpose was to ruin Ramirez's credibility, reputation, and standing in his professional and personal capacities. Appellees claimed that Townsend and Ortiz had engaged in retaliation and slander against Ramirez for political reasons.

Appellees also alleged that appellants' acts and omissions were a direct and proximate

cause of their injuries and damages; *i.e.*, past and future mental anguish, loss of reputation and income, physical pain and suffering, and severe emotional distress. Appellees sought a temporary and permanent injunction, enjoining the City, Ortiz, Townsend, and their agents, servants, and employees from effecting the restructuring of the Public Works Department. They also sought exemplary damages.

Appellants filed a joint motion for summary judgment based on the following grounds:

1. Defendants Gary Ortiz and Hector Garza are protected by absolute privilege from liability for defamation or slander as alleged by Plaintiffs.

2. The statements made by Hector Garza were true, or alternatively, merely declarations of opinion, and therefore not a proper basis for an action for slander.

3. Plaintiffs have no evidence of any conspiracy on the part of Defendants; therefore, a summary judgment is proper since beliefs or surmises are not enough to support such claims.

4. Since Plaintiffs were at-will employees of the City of Mission, with no oral or written contract of employment, they have no cause of action for wrongful termination or demotion.

5. Plaintiffs have no evidence of any violation of state law or city ordinances in connection with the restructuring of the Public Works Department by Defendants.

6. Defendant City of Mission is immune from the causes of action filed by Plaintiffs since the claims do not fall within the scope of the Texas Tort Claims Act.

In their response, appellees asserted that: 1) absolute immunity for defamation and slander did not protect Ortiz or Garza; 2) Garza's statements were false or made with reckless disregard for their truth or falsity; 3) appellants did not show as a matter of law that a conspiracy did not exist; 4) evidence tended to prove the *ultra-vires* character of Ortiz' reorganization of the Public Works

Department; and 5) appellees had a wrongful-termination or demotion claim because the City's personnel manual prescribed and defined demotions and terminations as well as the procedures the City should follow in these proceedings. According to appellees, Ortiz and Townsend circumvented these procedures with the City Council's "tacit ratification."

On January 15, 1993, after hearing argument and considering the evidence, the trial court denied the motion for summary judgment.

■■■ A movant for summary judgment must specifically set forth the grounds upon which he relies, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores*, 840 S.W.2d 612, 616–17 (Tex.App.—Corpus Christi 1992, writ denied). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 144 (Tex.App.—San Antonio 1991, writ denied); *Carlisle v. Phillip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ); *Dhillon v. General Accident Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1990, no writ). Consequently, we address appellants' points of error only in context of the issues we find were expressly presented to the trial court by appellants' motion for summary judgment and appellees' response.

Appellees object to this appeal as premature and ask us to strike it. They argue that appellants are not entitled to an interlocutory appeal because the judgment is not final.

■■■ Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water*

*Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig. proceeding); *Aldridge,* 400 S.W.2d at 895. TEX.CIV.PRAC. & REM.CODE § 51.014 (Vernon Supp.1993), specifically allows appeal of various interlocutory orders, including an order that, "(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.". The Supreme Court has held that § 51.014(5) of the Texas Civil Practice and Remedies Code provides that the denial of a summary judgment motion may be appealed if it "is *based on* an assertion of" qualified immunity.[1] *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993) (per curiam) (emphasis in original).

■ Under the Texas Tort Claims Act, a governmental entity may bear liability for its employees' torts if, among other things, "the employee would be personally liable to the claimant according to Texas law. . . ." TEX. CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986). Conversely, if qualified immunity protects the employee from liability, then the governmental entity's sovereign immunity remains intact. *Kilburn,* 849 S.W.2d at 812. *See, e.g., Carpenter v. Barner,* 797 S.W.2d 99, 102 (Tex.App.—Waco 1990, writ denied); *Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227–28 (Tex.App.—Waco 1986, writ ref'd n.r.e.). To that extent, a sovereign immunity claim may be "based on" an individual's assertion of qualified immunity and fall within the scope of § 51.014(5). *Kilburn,* 849 S.W.2d at 812.

In *Kilburn,* the Supreme Court examined whether and under what conditions § 51.-014(5) allowed a governmental entity to take an interlocutory appeal from a denial of a summary judgment. In that case, Kilburn sued the City of Houston and Dan Bugg of the City's animal control bureau, for Bugg's alleged actions in shooting two of Kilburn's dogs. The City moved for summary judgment on the basis of sovereign immunity. The trial court denied the motion, and the

City sought an interlocutory appeal under § 51.014(5). The Court stated:

> In the present case . . . the City's motion for summary judgment contends only that the City is not liable because of *sovereign* immunity. City employee Bugg has never asserted the affirmative defense of qualified immunity, nor filed his own motion for summary judgment on the issue of qualified immunity. Consequently, under the procedural posture of this case, the City's attempt to appeal must fail.

*Kilburn,* 849 S.W.2d at 812. (emphasis in original).

■ In the case before us, the City asserted as its ground for summary judgment that it was not liable because of sovereign immunity. Appellants Townsend, Ortiz, and Garza did not move for summary judgment on the basis of qualified immunity and the City did not assert that its sovereign immunity claim was based on its employees' qualified immunity. Section 51.014(5) provides that a person may appeal from an interlocutory order that denies a summary judgment motion based on qualified immunity. Since appellants' grounds for summary judgment were not based on qualified immunity, § 51.014(5) does not afford appellants an interlocutory appeal from the denial of their summary judgment motion. *See Kilburn,* 849 S.W.2d at 842.

We DISMISS the appeal for want of jurisdiction.

---

1. "Qualified immunity" is one of several interchangeable terms (including "quasi-judicial immunity," "discretionary immunity," "official immunity," and "good-faith immunity") used to refer to an affirmative defense available for governmental employees sued in their individual capacities. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100–01 n. 2 (Tex.1992) (Cornyn, J., concurring).