NUMBER 13-99-164-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CITY OF SAN JUAN, TEXAS
, ET AL., 
Appellants,


v.



JUAN GONZALEZ
, Appellee.

__________________________________________________________________


On appeal from the 206th District Court


of Hidalgo County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Yañez and

Rodriguez

Opinion by Justice Rodriguez





 This is an accelerated appeal from the denial of a summary
judgment based on the affirmative defense of immunity. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (a)(5) (Vernon Supp. 1999). We
affirm.

 By his Fourth Amended Original Petition, Juan Gonzalez, appellee,
brought suit against the City of San Juan (the City), three of its police
officers, Juan Rodriguez, Alfredo Lara, and Severiano Martinez, and the
San Juan Chief of Police, Samuel Soto, for personal injuries sustained
during an arrest of Gonzalez. The City, officers, and police chief filed a
motion for summary judgment, asserting the suit was barred by official,
qualified, and sovereign immunity. Thereafter, Gonzalez filed his Fifth
Amended Original Petition, which deleted Soto from the lawsuit.(1) The
trial court subsequently denied the motion for summary judgment. 

 Police Officer Juan Rodriguez drove his vehicle into an alley and
stopped behind a parked vehicle. Robert Cantu was in the driver's seat
of the parked vehicle; Juan Gonzalez was in the passenger's seat. 
Officer Rodriguez directed Cantu to move the vehicle because it was
blocking the alley. Cantu pulled his vehicle around the block and then
returned to the alley. Rodriguez followed Cantu and initiated a stop for
failure to properly indicate a turn. Cantu was then arrested for driving
while intoxicated. At some point, Gonzalez got out of the vehicle and
stood near the house where he lived, which happened to abut the
alley.(2) Officers Alfredo Lara and Severiano Martinez arrived on the
scene to assist Rodriguez. Rodriguez suspected Gonzalez was also
intoxicated and decided to arrest him. As he attempted to make the
arrest, a struggle ensued between Gonzalez and the three officers,
resulting in injuries to Gonzalez. 

 According to Gonzalez, he did not resist arrest, but the officers
used excessive force in carrying out the arrest. Gonzalez affied that as
he was being handcuffed, an officer kicked him in the back. Gonzalez
also claimed an officer struck him over the head with a night stick. As
a result, he suffered a gash to the skull and a broken rib. Gonzalez filed
suit, alleging the City and the three officers violated his civil rights under
the Fourth Amendment of the United States Constitution and article I,
sections 9, 19, and 29 of the Texas Constitution. Gonzalez also brought
suit against the officers for assault, battery, and intentional infliction of
emotional distress. 

The Officers' Affirmative Defense of Official Immunity Under State

Law

 By their first issue, appellants contend the trial court erred in
denying the motion for summary judgment as to officers Rodriguez,
Lara, and Martinez because they are entitled to official immunity against
appellee's state claims. To prevail on a motion for summary judgment,
the movant has the burden to show there is no genuine issue of
material fact and that he is entitled to judgment as a matter of law. See
City of El Campo v. Rubio, 980 S.W.2d 943, 948 (Tex. App.--Corpus
Christi 1998, no pet.). This burden may be satisfied by conclusively
establishing all elements of an affirmative defense. See Wornick Co. v.
Casas, 856 S.W.2d 732, 733 (Tex. 1993); City of Pharr v. Ruiz, 944
S.W.2d 709, 712, (Tex. App.--Corpus Christi 1997, no writ). Official
immunity is an affirmative defense. See Rubio, 980 S.W.2d at 948. 
Consequently, the burden was on appellants to establish the elements
of their affirmative defense. See id. (citing Montgomery v. Kennedy,
669 S.W.2d 309, 310-11 (Tex. 1984)). In determining whether there is
a genuine issue of material fact precluding summary judgment, we
indulge every reasonable inference in favor of the non-movant and view
evidence favorable to the non-movant as true. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 Employees of the government are entitled to official immunity from
suit for the performance of discretionary duties, performed in good faith,
and within the scope of their authority. See City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994); Ruiz, 944 S.W.2d at 712. 
In the instant case, there is uncontroverted evidence that appellants, in
arresting appellee, performed discretionary duties within the scope of
their authority. As a result, the only element we shall consider is
whether appellants Rodriguez, Lara, and Martinez acted in good faith.

 In determining whether an officer acted in good faith, we apply an
objective legal reasonableness test, disregarding the officer's subjective
state of mind. See Wadewitz v. Montgomery, 951 S.W.2d 464, 466
(Tex. 1997); City of Lancaster, 883 S.W.2d at 656. Thus, an officer acts
in good faith if a reasonably prudent officer, under the same or similar
circumstances, could have believed that the need to take action
outweighed a clear risk of harm to the public in taking the action. See
Wadewitz, 951 S.W.2d at 466-67; City of Lancaster, 883 S.W.2d at
656-57. In cases involving force used during an arrest, courts have
articulated this standard as whether "a reasonably prudent officer might
have believed that force was necessary." Victory v. Bills, 897 S.W.2d
506, 509 (Tex. App.--El Paso 1995, no writ); see City of Harlingen v.
Vega, 951 S.W.2d 25, 31 (Tex. App.--Corpus Christi 1997, no writ).

 When the summary judgment movant satisfies the legal
reasonableness test, the non-movant must controvert that proof by
showing that "no reasonable person in the [officer's] position could
have thought the facts were such that they justified [the officer's] acts." 
City of Lancaster, 883 S.W.2d at 657; see Geick v. Zigler, 978 S.W.2d
261, 265 (Tex. App.--Houston [14th Dist.] 1998, no writ). Thus, there
is "an elevated standard of proof for the non-movant seeking to defeat
a claim of official immunity in response to a motion for summary
judgment." City of Lancaster, 883 S.W.2d at 656. 

 In support of their motion for summary judgment, appellants
provided an expert report of Ben Lively, an affidavit of Officer Rodriguez,
and excerpts from a deposition of Gonzalez. Lively's expert report does
not contain a jurat. The report includes the stamp and signature of a
notary, but does not indicate that Lively swore to the statement before
the notary. 

 An "affidavit" is defined as "a statement in writing of a fact or facts
signed by the party making it, sworn to before an officer authorized to
administer oaths, and officially certified to by the officer under his seal
of office." Tex. Gov't Code Ann. § 312.011 (Vernon 1988); Tucker v.
Atlantic Richfield Co., 787 S.W.2d 555, 557 (Tex. App.--Corpus Christi
1990, pet. denied). The jurat of an affidavit is a "certificate by a
competent officer that the writing was sworn to by the person who
signed it." Huckin v. Connor, 928 S.W.2d 180, 183 (Tex. App.­Houston
[14th Dist.] 1996, writ denied) (quoting Acme Brick v. Temple
Associates, Inc., 815 S.W.2d 440, 441 (Tex. App.­Waco 1991, writ
denied)). "Without a jurat or authorization from an officer authorized to
administer oaths, the statement is not an affidavit and is not competent
summary judgment proof." Gonzalez v. Phoenix Frozen Foods, Inc.,
884 S.W.2d 587, 590 (Tex. App.­Corpus Christi 1994, no writ) (citations
omitted). Although appellee did not object to this defect, the absence
of a jurat is a substantive defect that can be raised for the first time on
appeal and its absence renders the statement incompetent summary
judgment evidence. Perkins v. Crittenden, 462 S.W.2d 565, 568
(Tex.1970); Gonzalez v. Phoenix Frozen Foods, Inc.,884 S.W.2d 587,
590 (Tex. App.--Corpus Christi 1994, no pet.). Therefore, we may not
consider Lively's report in support of appellants' motion. We must,
consequently, review the affidavit of Officer Rodriguez and the excerpts
from Gonzalez's deposition to determine if appellants established the
element of good faith.

 The affidavit of Officer Rodriguez explains that he observed an
odor of alcohol on appellee, and when Rodriguez attempted to arrest
him for public intoxication, he resisted arrest. Thereafter, according to
Rodriguez, Officers Martinez and Lara arrived to assist in the arrest and
a struggle ensued between appellee and the officers. The officers were
able to subdue appellee. Rodriguez affied that he possessed
information leading him to believe that appellee was committing the
offense of public intoxication, "to wit: that Mr. Gonzalez was in a public
place, unsteady on his feet, and smelled of alcohol." 

 Rodriguez's discussion of appellee's resistance and struggle with
the officers is conclusory and unsupported by any factual detail. He
does not explain how appellee resisted arrest; instead, he simply
concludes, "Mr. Gonzalez resisted the arrest." Likewise, Rodriguez
concludes that a struggle ensued without providing any factual support. 
Because Rodriguez's statements that appellee resisted arrest and that
a struggle ensued are conclusory, they may not be considered as part
of the summary judgment proof. See Texas Div. Tranter, Inc. v.
Carrozza, 876 S.W.2d 312, 314 (Tex. 1994); Gordon v. Western Steel
Co., 950 S.W.2d 743, 749 (Tex. App.--Corpus Christi 1997, writ
denied). Therefore, Officer Rodriguez's affidavit provides no support
that appellee resisted arrest or that violence was necessary to effectuate
appellee's arrest. 

 Moreover, examining Rodriguez's affidavit, it is clear that he did
not possess adequate information to believe appellee was committing
the offense of public intoxication. The term "public intoxication" applies
to a person who appears in a public place while intoxicated to the
degree that he may endanger himself or another. See Tex. Penal Code
Ann. § 49.02(a) (Vernon 1994). Physical manifestations of alcoholic
consumption are not sufficient to constitute public intoxication; rather,
the person must be a danger to himself or others. See id.; Simpson v.
State, 886 S.W.2d 449, 455 (Tex. App.--Houston [st Dist.] 1994, pet
ref'd). Inasmuch as an essential element of the offense is that appellant
may endanger himself or others, a potential danger is sufficient to
support the element. Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim.
App. 1977). In this case, Rodriguez opined that he had sufficient
information to believe appellee was committing the offense of public
intoxication because appellee smelled of alcohol and was unsteady on
his feet in a public place. He failed to explain, however, how appellee
was a danger to himself or others. In short, Rodriguez's affidavit does
not provide summary judgment evidence that the arrest was justified,
that appellee resisted arrest, or that the officers were justified in using
force in carrying out the arrest. 

 We next examine the excerpts from Gonzalez's deposition. 
Gonzalez admitted to consuming at least seven beers on the night of his
arrest. According to Gonzalez, he asked why he was being arrested
and was never told by the officers. Appellants argue Gonzalez admitted
he resisted the arrest in the following deposition testimony:

 [Counsel]: So somehow­you don't know how
you fell, right?


 [Gonzalez]: No.


 [Counsel]: Just with all the ruckus somehow­


 [Gonzalez]: Some­yes.


 [Counsel]: ­all of you fell­


 [Gonzalez]: Yes.


 [Counsel]: How many of you fell to the ground?


 [Gonzalez]: I think two of them­three of us,
two officers and­there was two
officers­two officers and me.


 [Counsel]: Okay. Do you remember which ones?


 [Gonzalez]: No.


 [Counsel]: What happened when you were on
the ground?


 [Gonzalez]: That's when they­I know I got
no­I know I had­I had lost, so
they just handcuffed me.


 [Counsel]: I'm sorry, you knew what?


 [Gonzalez]: That I had lost. They were three
against one.


 [Counsel]: What do you mean you had a loss?


 [Gonzalez]: Lost. Well, I couldn't do
anything with them.


 [Counsel]: You had­


 [Gonzalez]: The were­they were three people
with guns and badges, what am
I going to do?


 [Counsel]: Okay. I'm sorry, I just didn't
understand what you meant by you
had a loss.


 [Gonzalez]: No.


 [Counsel]: You're saying you just­at that point,
there was nothing else­


 [Gonzalez]: There was nothing else I could
do.


 [Counsel]: Okay. So you just said, Okay, fine and
you stopped resisting?


 [Gonzalez]: Yes.

 Reviewing this testimony and the entire summary judgment
evidence in a light most favorable to the non-movant, Gonzalez, as we
must in review of a motion for summary judgment, we conclude the
officers failed to show that a reasonably prudent officer, under the same
or similar circumstances, could have believed that the need to take
action outweighed a clear risk of harm to the public in taking the action. 
See Wadewitz, 951 S.W.2d at 466-67. Thus, appellants Rodriguez,
Lara, and Martinez failed to conclusively prove they acted in good faith. 
Appellants Rodriguez, Lara, and Martinez are not entitled to official
immunity as a matter of law. Appellants' first point of error is
overruled.

The City's Affirmative Defense of Sovereign Immunity


 By their second issue, appellants complain the trial court erred in
denying the motion for summary judgment as to appellant City of San
Juan because it is entitled to sovereign immunity derivative of its
officers' official immunity. The Texas Tort Claims Act subjects a
governmental entity to liability for the torts of its employees if "the
employee would be personally liable to the claimant according to Texas
law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (1) (Vernon 1997). 
Conversely, when a governmental employee is protected from suit
under the doctrine of official immunity, the governmental entity's
sovereign immunity remains intact. See City of Houston v. Kilburn, 849
S.W.2d 810, 812 (Tex. 1993). A governmental entity is only entitled to
appeal from an interlocutory order pursuant to section 51.014 (5) of the
Texas Civil Practice and Remedies Code when its claim of sovereign
immunity is "based on" an individual's assertion of qualified or official
immunity. See Id. Because the officers are not entitled to official
immunity, the City is not entitled to derivative sovereign immunity. 
Appellants' second issue is overruled. 

 The Officers' Affirmative Defense of Qualified Immunity Under
Federal Law

 By their third issue, the officers contend the trial court erred in
denying their motion for summary judgment as to Gonzalez's federal
claims because the officers are entitled to qualified immunity under
federal law as their actions in effecting appellee's arrest were lawful in
light of clearly established law and the information possessed by the
officers at the time of the arrest. Official immunity to state claims is
distinct from federal qualified immunity to claims under 42 U.S.C. §
1983. See Vega, 951 S.W.2d at 32. We review federal claims of
excessive force using the "unreasonable seizure" standard. See
Graham v. Connor, 490 U.S. 386, 394-95 (1989); Hudson v. Vasquez,
941 S.W.2d 334, 338 (Tex. App.--Corpus Christi 1997, no writ). This
standard requires a two-step analysis. First, we determine whether
there is an alleged violation of a clearly established constitutional right. 
See Colston v. Barnhart, 130 F.3d 96, 99 (5th Cir. 1997). If there is, we
determine whether the government official's "actions were objectively
reasonable in light of clearly established law," entitling him to qualified
immunity. Id.

 Because Gonzalez alleged the use of excessive force by the police
officers in violation of his Fourth Amendment rights against
unreasonable seizures, he has alleged a violation of a clearly established
constitutional right. See Graham, 490 U.S. at 395; Colston, 130 F.3d
at 99. Therefore, we are left with resolving whether appellants'
conduct was objectively reasonable under existing clearly established
law. In doing so, we must balance the force used against the need for
that force in light of clearly established law at the time of the conduct. 
See Graham, 490 U.S. at 396. Reviewing Rodriguez's affidavit and
Gonzalez's deposition excerpts, we are unable to conclude the officers'
conduct was objectively reasonable; thus, appellants Rodriguez, Lara,
and Martinez are not entitled to qualified immunity under federal law. 
Appellants' third issue is overruled.

 We AFFIRM the denial of the motion for summary judgment.

 

 NELDA V. RODRIGUEZ

 Justice



Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 1st day of June, 2000.


 

1. Rule 65 of the Texas Rules of Civil Procedure regards an amended
pleading as supplanting and superseding the original for which it is
substituted. See Tex. R. Civ. P. 65. Consequently, the omission of a
party from an amended pleading amounts to a formal order of
dismissal. See Hill v. Heritage Resources, Inc., 964 S.W.2d 89, 142
(Tex. App.--El Paso 1997, writ denied); Molina v. Kelco Tool & Die, Inc.,
904 S.W.2d 857, 859 (Tex. App.--Houston [1st Dist.] 1995, writ
denied). As such, we do not consider Soto as a party to the appeal,
despite the fact that he was included in the notice of appeal. 
2. Officer Rodriguez affied that he was unaware that appellee lived
in the house abutting the alley when he initiated the arrest.