**EL PASO COUNTY and Louis Vasquez, Appellants,**

v.

**Ruben ONTIVEROS, Francisca Andrade, and Socorro Ontiveros, Appellees.**

No. 08–99–00431–CV.

Court of Appeals of Texas, El Paso.

Jan. 25, 2001.

Jose R. Rodriguez, County Attorney, Jesus Rodriguez, Assistant County Attorney, Ernesto Rodriguez, El Paso, for appellants.

Eliot G. Shapleigh, Peticolas and Shapleigh, El Paso, for appellees.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

LARSEN, Justice.

This case involves the trial court's denial of summary judgment in a sovereign and official immunity case. Concluding that the trial court ruled correctly, we affirm and remand.

### FACTS

On March 11, 1994, members of the El Paso Metro Narcotics Task Force were performing surveillance at an apartment connected to the home of plaintiffs Ruben and Socorro Ontiveros. One of the officers involved made a controlled buy of cocaine, and upon receiving the "bust" signal, Officer Louis Vasquez (among others) moved in to make a warrantless arrest. After identifying himself, Vasquez kicked the door down, and began chasing suspects as

they tried to flee. One suspect broke through a sheet rock wall that was connected to the main house. The events that followed are in dispute.

Vasquez's affidavit states that Vasquez saw an elderly man looking at him through the hole in the wall. Vasquez them claims he shouted in both Spanish and English, "police, put your hands up, get down." Vasquez and another officer entered the main house through the sheet rock hole with guns drawn, but the elderly man, Ruben Ontiveros, failed to comply with the officer's instructions. The two officers grabbed Ontiveros, placed him on a nearby bed, and handcuffed him. According to Vasquez's affidavit, he did not physically harm Ruben Ontiveros, nor did he see anyone else do so.

Ruben Ontiveros's version of his encounter with Vasquez is markedly different; he stated in deposition that he complied with everything Vasquez told him to do. Despite this, Vasquez forced him face down on a bed, hit him on the ankles and feet with a baton, and continued hitting him even after he was handcuffed. Ontiveros testified in deposition that he went to a hospital emergency room to seek medical attention for a broken ankle and two fractured toes after the beating.

### Summary judgment record

We begin by resolving questions we raise sua sponte about irregularities in the appellate record. Plaintiffs originally filed this suit in federal court. The federal district court entered partial summary judgment on defendants' motion, and declined to exercise its pendent jurisdiction over remaining state claims against Vasquez in his individual capacity, as well as against El Paso County under the Texas Tort Claims Act. While the case was pending in federal court, Ruben Ontiveros gave his deposition. The federal district court dismissed the case on September 25, 1996.

Ontiveros, his wife, and sister-in-law then filed this suit in state court. The County and individual police officer defendants filed their motion for summary judgment urging four grounds: (1) statute of limitations; (2) res judicata; (3) official immunity for the officers; and (4) sovereign immunity.[1] In support of this motion, defendants included fourteen exhibits, including affidavits of all defendants and depositions excerpts from plaintiffs Ruben Ontiveros and Francisca Andrade. Plaintiffs filed a response to defendants' motion, stating that "[p]laintiffs' depositions and statements, attached hereto and incorporated herein by reference as Exhibits 1–3, (inclusive) are competent summary judgment proof, substantiate the allegations contained herein, and create a fact issue as a matter of law with respect to the beating allegations contained herein." In the original appellate record filed with this court, however, Exhibits 1–3 to plaintiffs' response did not appear. Immediately following the response is only Exhibit 4, the affidavit of plaintiffs' attorney, authenticating the depositions of the plaintiffs and again stating they were attached and incorporated by reference.

On appeal, and before submission of this case, plaintiffs filed their "motion to add to trial court record." It stated that Ruben Ontiveros had been deposed in May 1996 (while the case was in federal court), that his deposition had been used by defendants to obtain summary judgment in federal court, that his deposition had been cited and incorporated in plaintiffs' response to summary judgment in state court, that "apparently, the clerk did not include this deposition in the record filed herein," and that "attached hereto are the cover page and page 24 of his deposition relating to his claim of having been beaten." Plaintiffs requested supplementation

---

1. On appeal, El Paso County and Vasquez complain only of the denial of their official immunity and sovereign immunity claims.

of the record on appeal with the deposition record. On August 29, 2000, this court entered its order stating:

> To the extent the deposition was a part of the record before the court below, and pursuant to Tex.R.App.Proc. 34.5(c)(1), the trial court clerk is directed to prepare, certify and file with this court a supplementary clerk's record containing the omitted deposition.

Defendants have never objected to supplementing the appellate record with the deposition. The district clerk filed the supplemental clerk's record, containing the entire deposition of Ruben Ontiveros, on September 27, 2000. Oddly, the supplementary clerk's record indicates that Ontiveros's deposition had been filed only the day before, on September 26, 2000.

Initially, this court was concerned with whether Ontiveros's deposition had actually been before the trial court when it denied summary judgment. Upon close scrutiny of the chain of events outlined here, however, we must presume that the deposition was before the trial court when it denied summary judgment, and that the appellate record was properly supplemented under Tex.R.App.P. 34.5(c)(1). In reaching this conclusion, we start from the premise that a court of appeals must construe the rules governing supplementation of the appellate record liberally, so our decisions turn on substance rather than procedural technicality.[2] Here, plaintiffs/appellees made their request for supplementation before submission for an exhibit and incorporated by reference into their summary judgment response. This court's order allowing supplementation specifically limited any additional material, granting supplementation only "to the extent the deposition was a part of the record before the court below...." Most importantly, defendants have never objected to including the deposition in the appellate record, nor have they suggested that it was not a part of the summary judgment record when the trial court made its decision. The burden is on the party seeking reversal to insure that the proper record is before the court showing error.[3] If the deposition contained in the supplementary transcript was not before the trial court at the time summary judgment was denied, it was incumbent upon appellants to point that out to this court, particularly in light of our order specifically requiring that the deposition be included in the record on appeal only "to the extent [it] was a part of the record before the court below." Appellants never having raised any such complaint, it seems clear that the deposition was a part of plaintiffs' response to summary judgment, and was considered by the trial court in denying defendants' motion.[4] Finally, we note that excerpts from Ruben Ontiveros's deposition (pages 24, 31, and 52) were incorporated in defendants' motion for summary judgment; in these pages, plaintiff describes his beating and injuries. Thus, evidence of force and injuries was before the trial court even if the deposition in its entirety was not. Having determined this, we may now turn to the merits of the appeal.

### STANDARD OF REVIEW

Where a trial court has denied a motion for summary judgment that is based on an assertion of immunity by an officer or employee of the state or a political subdivision of the state, that person may bring an interlocutory appeal of the denial.[5] In reviewing the denial, we apply

---

2. *Gallagher v. Fire Ins. Exchange,* 950 S.W.2d 370, 371 (Tex.1997) (construing predecessor to Tex.R.App.P. 34.5).

3. *See Bayou Terrace Investment Corp. v. Lyles,* 881 S.W.2d 810, 818 (Tex.App.—Houston [1st Dist.] 1994, no writ).

4. It would be fruitless for this court to speculate as to why the deposition bears the anomalous filing date of September 26, 2000. Any issue on this point has been waived by appellants' failure to raise it.

5. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.2001).

the general standard of review for summary judgment.[6] The summary judgment movants have the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law; in deciding whether there is a disputed material fact, we take as true all evidence favorable to the nonmovants and indulge every reasonable inference in their favor.[7] Official immunity and sovereign immunity are affirmative defenses.[8] Where a motion for summary judgment is based upon these affirmative defenses, the trial court should grant the motion only if defendants established all elements of the applicable affirmative defenses as a matter of law.[9]

## Official immunity

In their first and second issues on appeal, defendants/appellants complain of the trial court's denial of Officer Vasquez's official immunity claim. To prove he was entitled to official immunity, Vasquez was required to prove by competent summary judgment evidence that the acts complained of were: (1) discretionary; (2) performed in good faith; and (3) within the scope of his official duties.[10] Only the element of good faith is disputed here. To establish good faith, Detective Vasquez's summary judgment proof must show that a reasonably prudent police officer, under the same or similar circumstances, could have believed that the need to immediately apprehend and subdue Ruben Ontiveros outweighed a clear risk of harm in Vasquez's continued use of force.[11]

Here, there is a critical fact issue which precludes a finding of objective good faith as a matter of law. Ruben Ontiveros testified that he complied with the officers' orders, that they nevertheless placed him face down on the bed, handcuffed him, and beat him on his feet and ankles with a baton. Detective Vasquez has presented no summary judgment evidence to show that a reasonably prudent officer might have believed that beating an elderly man was a reasonable use of force, where that man was found in his own home, where he had obeyed all instructions by officers, and where the beating had occurred ‑ after handcuffing him and facing him down on a bed. To the contrary, Vasquez simply asserts that no officer ever hit Ontiveros. As the trial court correctly concluded, summary judgment is not the appropriate means for resolving such a squarely presented factual conflict.[12] In a summary judgment context, we must take the non-movant's version of events as true, and Detective Vasquez has given us no evidence on good faith under the scenario presented by Mr. Ontiveros. Appellants' first and second issues on appeal are overruled.

## Sovereign immunity

Defendants/appellants' third issue on appeal concerns El Paso County's claim of sovereign immunity. We note their argument here is contingent upon Detective Vasquez's claim of official immunity. Having found that the trial court properly denied the official immunity claim, we likewise find that the County has not shown

**6.** *See Chambers v. Hornsby,* 21 S.W.3d 446, 448 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

**7.** *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997).

**8.** *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *Texas Dept. of Public Safety v. Perez,* 905 S.W.2d 695, 698 (Tex. App.—Houston [14th Dist.] 1995, writ denied).

**9.** *Perez,* 905 S.W.2d at 698.

**10.** *Id.*

**11.** *See Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ) (disputed fact issue of whether plaintiff resisted arrest was critical to Victory's official immunity claim, thus summary judgment was not proper).

**12.** *See id.* at 509–510.

itself entitled to sovereign immunity.[13] Appellants' third issue on appeal is overruled.

### CONCLUSION

The trial court's denial of summary judgment is affirmed. The case is remanded for further proceedings.

---

**13.** *See Perez,* 905 S.W.2d at 698.