COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

THE COUNTY OF EL PASO,                             )

                                                                              )

Appellant,                          )

                                                                              )            
No.  08-01-00182-CV

v.                                                                           )

                                                                              )                 Appeal from the

JESSIE DORADO, Individually
and as Mother      )

and Next Friend of BRIANNA
ALEXIS                )              
120th District Court

MIRANDA, A Minor and on
Behalf of the             )

Estate of EDUARDO MIRANDA
a/k/a                 )         
of El Paso County, Texas

EDUARDO MIRANDA DUARTE,
Deceased,     )

                                                                              )                
(TC# 97-2506)

Appellees.                          )

                                                                              )

                                                                              )

 

O
P I N I O N

 

This is an appeal
of a partial denial of a motion for summary judgment based on the official
immunity status of four employees of the El Paso County Detention
Facility.  The individuals were all
medical personnel that treated Mr. Eduardo Miranda Duarte (AMr. Miranda@).

Mr. Miranda was
arrested for outstanding traffic warrants on the evening of February 27,
1997.  He was booked into the El Paso
County Detention Center in the early hours of February 28, 1997.  At the time of his booking, Mr. Miranda
informed jail personnel he had a history of convulsions.  He did not inform them, however, that he was
under medication for the condition.








On March 1, 1997,
Mr. Miranda told Nurse Juan Carlos Dominguez that he was under physician=s orders to take two milligrams Ativan
each night to control his seizures. 
Nurse Dominguez confirmed the prescription and contacted Doctor Harold
Block for further instructions.  Dr.
Harold Block gave orders to give Mr. Miranda his prescribed medications, which
was done.  The next night, Nurse Raul
Tellez was responsible for administering Mr. Miranda=s
prescription.  Nurse Tellez summoned Mr.
Miranda around 8 p.m., but Mr. Miranda did not respond.  As a result, he did not receive his
prescribed medication.  Around 11:30
p.m., Mr. Miranda suffered a seizure and Nurses Junette Davis and Vivian Perez
responded to the medical assistance call. 
Nurse Davis stayed with Mr. Miranda while Nurse Perez returned to
the clinic to call Dr. Block for direction. 
Dr. Block instructed Nurse Perez to administer a four milligram injection
of Ativan and a five milligram injection of Haldol.  Mr. Miranda was moved from his cell to the
jail clinic for treatment.  At the
clinic, the medical staff realized Mr. Miranda was no longer breathing.  He was transported to the hospital by EMS.  He died less than an hour after his seizure.

The record
contains different accounts of what occurred during the hour prior to Mr.
Miranda=s
death.  The County contends Mr. Miranda
suffered a seizure, but had recovered before medical staff arrived to assist
him.  He then became violent and had to
be restrained.  He was then carried on a
stretcher to the jail clinic, handcuffed and shackled, and given an injection
of Ativan.  After the injection was
given, the staff noticed Mr. Miranda was no longer breathing and had turned
blue.  The medical staff tried to revive
him and called an ambulance.  All efforts
to resuscitate him were unsuccessful.








The Dorado family
contends that Mr. Miranda was experiencing seizures before and during the time
he was restrained.  Their evidence
suggests that he was not violent, but rather convulsing uncontrollably at the
time he was forcibly restrained.  There
is also evidence indicating that the restraints used, the position his body was
placed in, and the time delays in treatment could have caused Mr. Miranda
to stop breathing.

Mr. Miranda=s widow, Jessie Dorado, brought suit
alleging wrongful death under the Texas Tort Claims Act and asserting claims
under 42 U.S.C. '
1983.  The County filed a motion for
summary judgment as to all claims on a variety of grounds.  The motion was granted in part and denied in
part.  The County now brings this limited
interlocutory appeal solely on the issue of whether members of the medical
staff at the Detention Facility are subject to official immunity under the
Texas Tort Claims Act.








A trial court=s denial of a motion for summary
judgment based on an assertion of official immunity by an officer or employee
of the state or a political subdivision of the state may be immediately
appealed.  Tex.Civ.Prac.&Rem.Code Ann. '
51.014(a)(5)(Vernon Supp. 2002).  In
reviewing the denial, the appellate court applies the general standard of
review for summary judgments.  El Paso
County v. Ontiveros, 36 S.W.3d 711, 714-15 (Tex.App.--El Paso 2001, no
pet.).  That is, the summary judgment
movant has the burden of proving there is no genuine issue of material fact and
it is entitled to judgment as a matter of law. 
American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); City of El Paso v. Higginbotham, 993 S.W.2d 819, 822
(Tex.App.--El Paso 1999, no pet.).  In
determining whether there is a disputed material fact issue precluding summary
judgment, the reviewing court will take as true any evidence favorable to the
non-movant.  Nixon v. Mr. Property
Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985).  Every reasonable inference is indulged in
favor of the non-movant and any doubts are also resolved to the benefit of the
non-moving party.  Id.  The issue on appeal is not whether the
non-movant raised a material issue of fact precluding summary judgment, but
whether the movant proved it was entitled to judgment as a matter of law.  Tex.R.Civ.P.
166a(c); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828-29 (Tex.
1970).  Official immunity is an
affirmative defense under Texas law.  City
of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994); Ontiveros,
36 S.W.3d at 715.  Where a motion for
summary judgment is based upon this affirmative defense, the trial court should
grant the motion only if the defendant establishes all elements of the defense
as a matter of law.  Ontiveros, 36
S.W.3d at 715.

To prove the
employees were entitled to official immunity under the Tort Claims Act, the
County was required to establish by competent summary judgment evidence that
the acts complained of were:  (1)
discretionary; (2) performed in good faith; and (3) within the scope of the
employees= official
duties.  Chambers, 883 S.W.2d at
653; Ontiveros, 36 S.W.3d at 715. 
Here, the only issue in dispute is good faith.  The County was required to prove that a
reasonably prudent official, under the same or similar circumstances, could
have believed the actions taken were necessary. 
Chambers, 883 S.W.2d at 655-56. 
To successfully negate the defendant=s
summary judgment evidence, a plaintiff must do more than show a reasonably
prudent official could have decided to take a different action.  Chambers, 883 S.W.2d at 657; Higginbotham,
993 S.W.2d at 825.  Instead, a plaintiff
must provide evidence that no reasonable person in the official=s position could have thought that the
facts were such that they justified the official=s
actions.  Id.

The County argues
it met the good faith prong of the Chambers test by providing evidence
that the medical personnel involved in the treatment of Mr. Miranda acted in
the same manner as a reasonable doctor or nurse would have acted under the same
or similar circumstances.  The Dorado
family contends the County failed to prove the good faith of each employee as a
matter of law.

 








Nurse
Vivian Perez and Nurse Junette Davis

With regard to
Nurses Vivian Perez and Junette Davis, there exists a critical fact issue which
precludes a finding of objective good faith as a matter of law.  The affidavits of both nurses assert
Mr. Miranda suffered a single seizure, recovered, became combative, and
had to be restrained to be moved from his cell to the jail clinic.  However, the deposition testimony and
affidavits of Jessie Dorado and Dr. Glenn Johnson provide evidence that Mr.
Miranda suffered multiple seizures and likely experienced a prolonged seizure
with uncontrolled convulsions.  Rather
than being combative, Appellees contend Mr. Miranda was experiencing a serious
medical condition that required immediate and appropriate attention.  The nurses=
affidavits address the reasonableness of their conduct in handling an
uncooperative patient.  However, the
County fails to address the reasonableness of the nurses=
conduct in handling a patient experiencing a serious seizure.

A claim of good
faith cannot be predicated on the correctness of a disputed set of facts.  Kistener v. Pfannstiel, No. 2002 WL
384149, at *4 (Tex.App.--San Antonio March 13, 2002, no pet.).  Further, as we have observed before, summary
judgment is not the appropriate means for resolving squarely-presented factual
conflicts.  Ontiveros, 36 S.W.3d
at 715.  As we must take the Dorado
family=s
explanation of events as true, we find that the County has failed to provide
evidence of the good faith of Nurses Perez and Davis under this scenario.  The County=s
issue as it pertains to Nurse Vivian Perez and Nurse Junette Davis is
overruled.

Nurse
Raul Tellez and Dr. Harold Block








In its motion for
summary judgment, the County asserted that Nurse Raul Tellez and Dr. Harold
Block were independent contractors and not County employees.  The trial court found both individuals to be
employees.  The court dealt with the issue
of official immunity for medical personnel in a separate section of the
order.  It appears that the court=s ruling on official immunity wrongly
encompassed the actions of Nurse Tellez and Dr. Block.  Whether Nurse Tellez and Dr. Block enjoyed
official immunity was not raised by the County in its motion.  Thus, the issue was not properly before the
trial court or before this Court now. 
Further, the trial court=s
ruling that these individuals are employees rather than independent contractors
is not subject to interlocutory appeal. 
Accordingly, our decision is limited to the application of official
immunity to Nurses Vivian Perez and Junette Davis.

We affirm the
trial court=s
judgment.  

 

 

July
25, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)